IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
OCT 14 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| MATTHEW LYNN MONTGOMERY,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-132-M-DLC-JCL<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>MAGISTRATE JUDGE |

This case comes before the Court on Matthew Lynn Montgomery's petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Montgomery is a state prisoner proceeding pro se.

I.  **Procedural History**

The petition at hand is Montgomery's fourth in this Court. He first filed a petition challenging his 2003 conviction for incest and his 2006 convictions for sexual assault, as well as the 2008 denial of his motion to withdraw his guilty plea. Because Montgomery challenged two separate convictions, the claims were severed and a second habeas action was filed on Montgomery's behalf. Both petitions were dismissed with prejudice as procedurally barred. See, *Montgomery*

1

v. *Frink*, Nos. CV-11-120-M and DV-11-121 (D. Mont. judgment entered Feb. 3, 2012). A certificate of appealability was denied in both matters. *Montgomery v. Frink*, Nos. 12-35099 and 12-35100 (9th Cir. May 2, 2012).

In August of 2013, Montgomery filed a subsequent federal petition challenging the Montana Supreme Court's denial of his state habeas petition. This Court determined that even though there was an intervening judgment related to his state habeas petition, there was no new criminal judgment. Thus, Montgomery's petition was second or successive in nature. Because Montgomery had not received authorization from the Ninth Circuit to file the petition, this Court lacked jurisdiction to consider it. See, *Montgomery v. T. Green*, No. CV-13-181-M-DWM (D. Mont. judgment entered Feb. 14, 2014)(citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam)).

In October 2014, Montgomery returned to state court and filed a motion to vacate his 2006 convictions and dismiss the charges which was denied by the trial court. Montgomery appealed, arguing that the trial court erred in concluding that it had subject matter jurisdiction over Montgomery's case. The Montana Supreme Court affirmed. *State v. Montgomery*, 2015 MT 151, ¶ 2, 379 Mont. 353, 350 P. 3d 77. In August 2015 Montgomery filed a state petition for habeas relief, challenging the 2006 prosecution against him; the petition was denied. *Montgomery v. Green*, No. OP 15-0507, Or. (Mont. Sept. 1, 2015). The Court

2

observed that Montgomery was raising arguments which had already been raised and rejected in his direct appeal. *Id.* In October of 2015, Montgomery filed yet another motion to vacate his 2006 convictions in the trial court which was summarily denied. The Montana Supreme Court affirmed the trial court finding that the appeal was barred under the doctrine of res judicata. *Montgomery v. State*, No. DA 16-0021, Or. at ¶ 13 (Mont. July 12, 2016).

## II. Montgomery's Claims

Generally, Montgomery seems to argue that his Fifth Amendment right to indictment by grand jury and, correspondingly, his Fourteenth Amendment right to due process have been violated by the charging process used against him. (Doc. 1-1 at 2-7). Specifically, Montgomery argues: 1) the state courts erred in denying his 2014 motion to vacate his convictions (*id.* at 8-14); 2) the Montana Supreme Court erred in denying his 2015 state habeas petition (*id.* at 14-18); 3) the state courts erred in denying his 2015 motion to vacate his convictions (*id.* at 19-22).

## III. Analysis

Montgomery contends that his present petition is timely because it has been filed within one year from a final order of the Montana Supreme Court. *Id.* at 1-2. Timeliness is not the flaw from which Montgomery's petition suffers. Like Montgomery's previously filed habeas petition in *Montgomery v. T. Green*, CV-13-181-M-DWM, this petition, too, is second or successive in nature.

3

A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). All of the claims that Montgomery makes in his current petition arise out of the 2006 Ravalli County convictions. "[B]oth 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-3, 130 S. Ct. 2788, 2797, 177 L. Ed. 2d 592 (2010).

Montgomery continues to challenge the original judgment of conviction against him; there has been no intervening criminal judgment. Likewise, Montgomery has not received authorization from the Circuit to file a successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Montgomery obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time. Additionally, because the Fifth Amendment Grand Jury Clause was not incorporated by the Fourteenth Amendment to apply to the states, this Court believes Montgomery's general argument to have little chance of success. See, *Branzbug v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962). Montgomery has not made a substantial showing of a denial of a constitutional right.

## V. Recommendation

1. Mr. Montgomery's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Montgomery may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Montgomery must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 14th day of October, 2016.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.