
FILED
NOV 15 2016
Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW LYNN MONTGOMERY,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 16–132–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this matter on October 14, 2016, recommending dismissal of Petitioner Matthew Lynn Montgomery's ("Montgomery") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Montgomery filed objections to the findings and recommendations on November 3, 2016, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

-1-

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Having reviewed Montgomery's objections, the Court finds that Montgomery primarily reiterates his perception that his constitutional rights have been violated because the state trial court allegedly failed to use the proper standard of probable cause for being charged with a felony. Montgomery contends that because his state court challenges did not use what he calls "a lawful determination of felony probably cause equal to or greater than the constitutional 'minimums'" the state trial courts had no jurisdiction over his case, and his conviction should be reversed. All of Montgomery's arguments that relate to the state court's determination of probable cause have already been addressed by his numerous state petitions and appeals, and, most importantly, have no bearing on Judge Lynch's determination that this Court lacks jurisdiction to hear Montgomery's claims in the instant federal habeas petition.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Montgomery asserts that Judge Lynch did not accurately support his determination that this habeas petition was successive in

nature. (Doc. 6 at 4–5.) Further, Montgomery claims that Judge Lynch's citation to *Burton v. Stewart*, 549 U.S. 147 (2007), is incorrect and "skewed" because it "appears to be a simple generality pertaining to the federal courts' jurisdiction over federal criminal judgments while not specifically authorizing jurisdiction over state trial courts criminal judgments or barring new (original proceedings) challenges in the state's highest courts as 'second or successive' in the federal courts." (Doc. 6 at 5.) Montgomery expounds this argument when he states that Judge Lynch's use of *Magwood v. Patterson*, 561 U.S. 320 (2010) is also unsubstantiated. The Court finds that Judge Lynch's citations to *Burton v. Stewart* and *Magwood v. Patterson* are accurate because they support the proposition that a prisoner wishing to file a successive habeas petition in federal district court must first receive authorization from the Court of Appeals. 549 U.S. at 157; 561 U.S. at 327.

Absent from Montgomery's objection is any new evidence that proves this Court has jurisdiction. To do so, Montgomery would have to present an authorization from the Ninth Circuit allowing the filing of his successive petition. Judge Lynch accurately summarized the previous habeas petitions Montgomery has filed in federal court: (1) a 2011 habeas petition challenging the validity of his convictions and sentences for incest and sexual assault, which was denied by this

Court (see *Montgomery v. Frink*, No. CV 11-120-M-DWM-JCL, 2012 WL 369212 (D. Mont. Feb. 3, 2012)); and (2) a 2013 habeas petition also challenging the same state convictions, which was denied by this Court (see *Montgomery v. T. Green*, No. CV 13-181-M-DWM-JCL (D. Mont. Feb. 14, 2014)). After these two federal petitions, Montgomery again filed two habeas petitions in state court challenging his 2006 convictions, which were both denied by the Montana Supreme Court. *Montgomery v. Green*, No. OP 15-0507, Or. (Mont. Sept. 1, 2015); *Montgomery v. State*, No. DA 16-0021, Or. (Mont. July 12, 2016). In other words, the judgment he challenged in his 2011 and 2013 federal habeas applications was the same 2006 conviction challenged in all of his petitions, federal and state, and is the same judgment challenged in this case. Thus, there is no dispute that this is a second or successive petition and the Court lacks jurisdiction over this matter without Ninth Circuit consent.

Finally, the Court agrees with Judge Lynch's determination that there is no doubt this Court lacks jurisdiction and thus a certificate of appealability is not warranted.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL. Montgomery's petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 15th day of November, 2016.

Dana L. Christensen, Chief Judge
United States District Court